IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GORDON GROCERY, INC.,             :
     Plaintiff                             :
                                                      :
     v.                                          :        CIVIL NO. AMD 07-820
                                                      :
ASSOCIATED WHOLESALERS, INC. :
     Defendant                           :

...o0o...

MEMORANDUM OPINION

This removed breach of contract action is back before the court for a second time. In a Memorandum Opinion and Order filed on February 28, 2007, I remanded the case to the Circuit Court for Washington County upon my finding, as urged by the defendant, that the case had become moot by the unilateral act of defendant itself. *See Gordon Grocery, Inc. v. Associated Wholesalers, Inc.*, --- F.Supp.2d —, 2007 WL 895258 (D.Md., Feb. 28, 2007). In remanding the case, I observed that because there are some differences between mootness doctrines in state and federal court, respectively, it would not be appropriate to *dismiss* the case (as defendant requested), but that, instead, the case should be remanded to state court. *Id*.

After the remand, in accordance with the Maryland Rules of Procedure, plaintiff filed an amended complaint. Defendant thereupon filed the instant notice of removal. Plaintiff has filed a motion to remand the case and defendant has filed its opposition to the motion to remand. No hearing is needed.

The parties agree, and the law is clear, that there are some circumstances in which a

second removal of the same case is permitted. *See generally Benson v. SI Handling Sys.,*

*Inc.,* 188 F.3d 780, 783 (7th Cir.1999) (second removal in same case may be allowed if, after

a remand, changed circumstances uncover additional grounds for removal). Indeed, the

second paragraph of 28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal
> may be filed within thirty days after receipt by the defendant, through service
> or otherwise, of a copy of an amended pleading, motion, order or other paper
> from which it may first be ascertained that the case is one which is or has
> become removable, except that a case may not be removed on the basis of
> jurisdiction conferred by section 1332 of this title more than 1 year after
> commencement of the action.

Thus, the removal statute expressly contemplates circumstances in which a case is removed

improvidently, remanded, and then is properly subject to removal a second time. *See Benson,*

188 F.3d at 782-83.

Defendant's attempt to take advantage of this principle here is unavailing. As I

expressly concluded in my prior opinion, the case was properly removed the first time and

I denied plaintiff's motion to remand. *See* 2007 WL 895258, *1 n.2. As mentioned above,

the actual remand of the case was on the basis that, post-removal, *by the unilateral act of*

*defendant itself*, the case was rendered moot and thereby this court was deprived of subject

matter jurisdiction. *Id*. at *1. Notably, however, when the case was before me the last time,

plaintiff had belatedly *moved to amend its complaint to assert the very claim that it asserted*

*in the amended complaint it filed in state court after the case had been remanded*. Defendant

had objected strenuously to the motion to amend and I agreed that plaintiff had failed to

show good cause to permit an amendment beyond the deadline established in the scheduling order. Accordingly, I denied the motion for leave to amend.

What defendant failed to appreciate is that, unlike federal practice, state practice in Maryland permits an amendment to a pleading without leave of court at any time up to 15 days "prior to . . . a scheduled trial date." *See* Md. Rule 2-341(b). Thus, if defendant wished to object to the amended complaint in state court after the case was remanded, the proper procedural device was a motion to strike. *See* Md. Rule 2-322(e). Defendant's present assertion, that the very amendment it successfully opposed when the case was properly before this court, constitutes such "changed circumstances" as to permit a second removal, finds no support in the caselaw and is not well-taken. It is precisely because cases should not be permitted to bounce back and forth between state and federal courts (among other reasons), with the attendant uncertainty and manifest waste of judicial resources such procedural dalliances entail, that courts strictly interpret the removal statutes. *Cf. Lontz v. Tharp*, 413 F.3rd 435, 442 (4th Cir. 2005) ("strict adherence to the removal statute is more than mere formalism"). Plainly, defendant will not be heard to contend under the circumstances here that plaintiff engaged in "procedural fencing" to deprive it of a federal forum, *cf. Sledz v. Flintkote Co*., 209 F.Supp.2d 559, 564 (D.Md. 2002), or that it "uncovered" some "new ground of removal" after this case was remanded. *See Benson,* 188 F.3d at 781(plaintiff revealed only during discovery after remand that his damages exceeded the jurisdictional minimum for removal; second removal allowed). Defendant's own actions

have deprived it of a federal forum.

For the reason set forth, the motion to remand shall be granted. An Order follows.


Filed: April 30, 2007                                    _____/s/_____
                                                        ANDRE M. DAVIS
                                                        UNITED STATES DISTRICT JUDGE